Filed 7/12/23  P. v. Bryant CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B325593 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA016309) |
| v. | |
| ERIC BRYANT, | |
| Defendant and Appellant. | |

THE COURT: *

Defendant and appellant Eric Bryant (defendant) appeals from the denial of his petition for vacatur of his murder conviction and for resentencing under Penal Code former section 1170.95, now section 1172.6.[1]  After examination of the record,

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section by its new numbering only.

defendant's appointed counsel found no arguable issues and filed a brief requesting that we exercise our discretion to conduct an independent review of the record, citing *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Following the standard articulated in *Delgadillo,* we consider defendant's supplemental brief and conduct a limited review of the record.  (See *Id*. at pp. 230-232.)  Finding no merit to defendant's appeal, we affirm the judgment.

## BACKGROUND

In 1992, defendant and codefendant Michael Black were convicted of two counts of attempted murder, with the true finding that the attempted murder was committed willfully, deliberately, and with premeditation.  The jury found true the allegations that Black had personally used and discharged a firearm in the commission of the two offenses and, as to defendant, that a principal was armed with a firearm.  Defendant was sentenced to two concurrent life terms plus one year.

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).) Section 1172.6 provides a procedure for those convicted of murder

---

All further unattributed code sections are to the Penal Code unless otherwise stated.

2

or attempted murder to seek retroactive relief if they could not now be convicted under the amended laws. (§ 1172.6, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 957.)

On September 12, 2022, defendant filed a section 1172.6 petition, attaching portions of the trial record as exhibits. The petition alleged that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder, the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime. The petition also alleged that defendant was convicted of attempted murder and could not now be convicted of attempted murder because of the changes to sections 188 and 189 effective January 1, 2019. The People filed a response, attaching as exhibits additional portions of the trial record. The trial court appointed counsel to represent defendant and defendant filed a reply with additional exhibits.

On November 18, 2022, defendant appeared remotely with counsel, and the trial court offered the parties an opportunity to present argument. The trial court reviewed the parties' written submissions and exhibits, including the jury instructions, verdicts, and portions of the transcripts, and found the prosecution had not proceeded at trial on a theory of felony murder or the natural and probable consequences doctrine. As the court found no jury instructions regarding either theory, it ruled defendant had failed to make a prima facie showing of eligibility for relief under section 1172.6 and denied the petition.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.) However, even if we do not independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised. (See *id.* at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. We also notified defendant of counsel's brief, gave him the opportunity to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered. Defendant has filed a supplemental brief, and we consider the arguments raised.

Defendant argues the instructions given at his trial allowed the jury to convict him upon a theory of malice imputed to him based solely on his participation in a crime. He compares his case to *People v. Langi* (2022) 73 Cal.App.5th 972, in which the defendant was convicted of second degree murder, and *People v. Maldonado* (2023) 87 Cal.App.5th 1257, in which the defendant was convicted of first degree murder. As defendant here was not convicted of murder the cited cases are inapposite.

Section 1172.6, subdivision (a) provides that "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition . . . ." Subdivision (a) also provides that "[a] person convicted of . . . attempted

4

murder under the natural and probable consequences doctrine . . . may file a petition . . . ." Thus section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Defendant acknowledges there were no instructions regarding the natural and probable consequences doctrine. Thus he is ineligible for relief under section 1172.6 as a matter of law. (*Coley*, at p. 546.)

Moreover, defendant was convicted of attempted murder as an aider and abettor after the jury was instructed with CALJIC No. 8.66, defining the act of attempted murder and including the following language: "The person committing such act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." The jury was also instructed with CALJIC No. 3.01, which included the following: "A person aids and abets the commission or attempted commission of a crime when he or she, with knowledge of the unlawful purpose of the perpetrator and with the intent or purpose of committing and encouraging or facilitating the commission of the crime by act or advice aids, promotes or encourages or instigates the commission of the crime." Thus the jury was instructed that the perpetrator of an attempted murder must be found to have harbored an intent to kill, and the aider and abettor must have had knowledge of that intent and have intended to aid the perpetrator to commit that intended crime.

Defendant notes the jury found not true the allegations against Black that he intended to inflict great bodily injury and that he discharged a firearm at an occupied motor vehicle, causing great bodily injury. He contends the findings showed that although Black was the actual perpetrator, he did not have

5

an intent to kill.  We disagree.  There is no collateral estoppel effect from a not true finding of an enhancement that is inconsistent with the conviction of the substantive offense. (*People v. Santamaria* (1994) 8 Cal.4th 903, 911.)  This applies to a finding for or against a codefendant as well.  (See *People v. Superior Court* (*Sparks*) (2010) 48 Cal.4th 1, 13, 18-19.)

Like the trial court, we reviewed the jury instructions included with the prosecutor's response to the petition and found no instructions regarding the natural and probable consequences doctrine or other theory of imputed malice, thus demonstrating defendant is ineligible for relief under section 1172.6 as a matter of law and no prima facie showing can be made.  (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52-53, 55-56.)  We conclude that the petition was properly denied.  (See *People v. Lewis, supra*, 11 Cal.5th at p. 971.)

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

---

\*       LUI, P. J.              CHAVEZ, J.              HOFFSTADT, J.